**In re Frederick CLAYTON, Debtor.**

**NOR–DER ASSOCIATES, Plaintiff,**

v.

**John BOYAJIAN, Trustee and Frederick Clayton, Defendants.**

**Bankruptcy No. 8500261.**

United States Bankruptcy Court, D. Rhode Island.

Nov. 19, 1985.

David Cooper, Cooper Associates, Providence, R.I., for debtor.

Joseph Montalbano, Montalbano & Montalbano, Ltd., North Providence, R.I., for plaintiff.

John Boyajian, Boyajian, Coleman & Harrington, Providence, R.I., trustee.

## DECISION AND ORDER DENYING MOTION FOR RELIEF FROM AUTOMATIC STAY

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Heard on July 22, 1985 on the mortgagee, Nor-Der Associates' Motion for Relief from Automatic Stay, 11 U.S.C. § 362, and permission to foreclose its mortgage on the debtor's property, a three unit apartment building located at 824 Broad Street, Providence, Rhode Island.

Based upon the evidence (which was conflicting in all respects) concerning the amount of the obligation, the amount in default, the value of the secured property, and the adequacy of the protection of Nor-Der's interest, we make the following findings and conclusions:[1]

1. That on October 30, 1981 Nor-Der Associates loaned Clayton $14,000, said loan being evidenced by a promissory note and secured by a mortgage on Clayton's Broad Street real estate.

2. That Clayton fell behind on payments under the note, and Nor-Der obtained a default judgment in the Kent County Superior Court on January 9, 1984 (C.A. No. 83–911), in the amount of $16,942.

3. That on January 11, 1984, two days later, Clayton received insurance proceeds

of $10,074.79 in connection with a fire loss at the property.

4. That on March 15, 1984 the parties executed an "Agreement and Modification of Promissory Note," whereby the outstanding balance on the note was reduced to $6,000, in consideration of payment to Nor-Der by Clayton of $9,500 from the insurance proceeds.

5. That the modified agreement was freely bargained for and was not the result of any undue influence or duress on Nor-Der.

6. That Clayton defaulted on the terms of the new agreement, also.

7. That the balance of the obligation in question, including principal and interest, on the date of the petition, was $7,667.

8. That, as of July 1985, Clayton owed $1,200 in real estate taxes to the City of Providence, for 1983, 1984, and 1985 (aggregating $1800), less $600 which has been withheld by the Rhode Island Joint Reinsurance Association to satisfy payment of one year's taxes. *See* Defendant's exhibit I.

9. That $663 is owed to Nor-Der Associates which it advanced to the City of Providence for payment of real estate taxes on the debtor's property for the tax year 1982.

10. That reasonable attorneys' fees and costs incurred by Nor-Der in its efforts to collect under the terms of the note are owed by the debtor in the following amounts:

| | |
|---|---|
| Appraisal fee—Paul Cunningham | $ 300.00 |
| Legal fee—Edward R. DiPippo, Esq. | 1,100.00 |
| Legal fee—Joseph A. Montalbano, Esq. | 1,000.00 |

11. That based on the foregoing findings, the amount due Nor-Der Associates on its mortgage is $11,867.

---

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy

Rules 7052 and 9014.

12. That neither the appraisal testimony offered by Nor-Der, nor those values asserted by the debtor accurately reflect the market value of the property. The opinion of Nor-Der's expert, Paul Cunningham, placing the value at $9,500 is rejected. Besides being far too low on its face, it fails to take into consideration substantial repairs made by the debtor since Cunningham's June 7 appraisal. The debtor's assertions of value are also rejected, however, based upon a view of the property taken at the conclusion of the evidence. Clayton's prior description of the amount of work necessary to make the property rentable was grossly understated.

13. That in light of all the evidence, the fair market value of the property is at least $15,000, a figure likely to increase within the next few months, if the debtor completes renovations as promised.

14. That the property (which is the source of the debtor's income) is necessary to an effective reorganization, and with apartment unit #3 near completion and the building scheduled for full occupancy by the fall, a successful reorganization is possible. The subject property is one of six rental buildings owned by the debtor. The others are also subject to mortgages. There have been no other objections to confirmation.

15. That there is adequate insurance coverage on the property, evidenced by a one year policy, paid in full, effective June 12, 1985, in the amount of $25,000. Defendant's exhibit Y.

16. That as of the date of the hearing, July 22, 1985, the interest of Nor-Der Associates was adequately protected by an equity cushion of approximately $3,000. Considering the amount due monthly under the terms of the modified agreement ($135), the interest of Nor-Der is still adequately protected as of the date of this decision. However, to protect Nor-Der's position against future erosion, continuation of the stay is conditional on the debtor making regular monthly payments as required under the terms of the March 15, 1984 modified promissory note. *See Unit-ed States v. Smithfield Estates, Inc. (In re Smithfield Estates, Inc.)*, 48 B.R. 910 (Bankr.D.R.I.1985).

In accordance with the foregoing findings and conclusions, the motion for relief from automatic stay is denied, without prejudice.